IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CHAD A. COBURN, )
 )
      Petitioner, )
 )
 ) CIV-15-600-R
v. )
 )
ROBERT PATTON, Director, )
 )
      Respondent. )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1] For the following reasons, it is recommended that the Petition be DENIED.

Petitioner is in the custody of the Oklahoma Department of Corrections ("ODOC"). Respondent Patton is the Director of ODOC. Petitioner is currently confined in a private prison, Davis Correctional Facility ("DCF"), located in Holdenville, Oklahoma. According to Petitioner, he is serving a 30-year term of imprisonment for the offense of Murder in the

---

[1] Rule 4 is applied in the discretion of the undersigned to this 28 U.S.C. §2241 habeas Petition. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

1

Second Degree. Petitioner admits he has a consecutive sentence to serve, but he provides no specific information concerning the conviction(s) or sentence(s) he will serve in the future.

Petitioner contends that his constitutional rights have been violated due to ODOC's refusal to restore 4,995 earned credits removed from his sentence calculation for past misconducts. Documentary evidence attached to the Petition reflects that Petitioner submitted a Request to Staff ("RTS") to "Records" at DCF dated June 17, 2014. Petition, Ex. C. In that RTS, Petitioner requested that "Records . . . get in contact with DOC about recieveing [sic] his earn [sic] credits that was taken from him threw [sic] misconducts and it will discharge his sentence." Id. Petitioner was advised in response to the RTS that he was not eligible for restoration of lost earned credits because of his consecutive sentence.

Petitioner submitted a second RTS to the DCF Warden/Facility Head dated June 29, 2014. Petition, Ex. A. In that RTS, Petitioner stated that he had previously requested "for the warden to get in contact with DOC on restoring 4995 earn [sic] credits that was [sic] taken from him throughout the 21 years of incarceration. Offender clearly stated that he is entitled to the old laws, where earn [sic] credits was [sic] given back if it discharges the offender. Facility head response was sorry, you are not eligible due to your case. . . . The Facility Head should contact DOC [and] talk to Robert Patton Director about restoring 4995 earn [sic] credits that was taking [sic] from me throughout the 21 years of incarceration. Offender contends he is under the old law." Id. In a brief response dated July 8, 2014, the DCF staff member stated the RTS was "denied." Id.

Petitioner contends that he then submitted a grievance to the Warden on July 16, 2014, but it was returned for procedural deficiencies and because the grievance was submitted out of time. Petitioner asserts that he submitted a request to appeal out of time "to DOC" but the request was denied on September 8, 2014. Petition, at 5.

Although it does not appear that Petitioner has exhausted available administrative remedies, exhaustion of administrative remedies is not necessary in light of the recommended disposition. See 28 U.S.C. § 2254(b)(2).

In support of his claims, Petitioner relies on ODOC policy OP-060211, which governs sentence administration issues for Oklahoma inmates. In subsection A of this policy, the policy provides that a facility/district head may consider whether to restore sentence credits where offenders meet certain criteria but only "if the restored credits will result in immediate discharge." [http://www.ok.gov/doc/documents/op060211.pdf](http://www.ok.gov/doc/documents/op060211.pdf) (OP-060211(IV)(A)). The policy also clearly states that "[o]ffenders are not entitled to restoration of credits." Id. (OP-060211(IV)).

In subsection B of the policy, the policy provides that ODOC's Administrative Review Authority will restore certain credits when a misconduct has been reversed or dismissed and expunged. Id. (OP-060211(IV)(B)). Petitioner does not contend that he has had any misconduct reversed or dismissed and expunged. Thus, subsection B of the policy concerning restoration of credits by ODOC's Administrative Review Authority is inapplicable to Petitioner.

Petitioner contends that ODOC is refusing to restore nearly 5,000 credits removed as

3

punishment for past misconducts. The ODOC policy governing restoration of previously-lost earned credits, OP-060211(IV)(A), clearly states (1) Oklahoma inmates are not entitled to the restoration of credits removed for past misconducts and (2) any Oklahoma inmate considered for restoration of credits removed for past misconducts will not receive any restoration of credits unless "the restored credits will result in immediate discharge." Petitioner's admission that he has a consecutive sentence to be served upon completion of his present sentence means that ODOC's policy for restoration of credits is inapplicable to him.

Additionally, Petitioner does not have a liberty interest in the restoration of his previously-lost earned credits. To state a claim of a denial of due process in violation of the Fourteenth Amendment, a petitioner must show the deprivation of a protected liberty or property interest. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569 (1972). As a lawfully incarcerated individual, Petitioner retains only a narrow range of protected liberty interests. Abbott v. McCotter, 13 F.3d 1439, 1442 (10th Cir. 1994). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." Estate of DiMarco v. Wyo. Dep't of Corr., 473 F.3d 1334, 1339 (10th Cir. 2007).

"[T]he Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison." Wolff v. McDonnell, 418 U.S. 539, 557 (1974). "States may [through statutes or prison regulations] create liberty interests which are protected by the Due Process Clause. . . . But these interests will be generally limited to freedom from restraint

which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Id. at 485.

The Tenth Circuit Court of Appeals has recognized that an Oklahoma inmate has a liberty interest in his credit-earning classification in instances in which a prisoner has been convicted of misconduct and prison officials exercise no discretion over the prisoner's demotion in his credit-earning classification. Wilson v. Jones, 430 F.3d 1113, 1120-121 (10th Cir. 2005). But, in general, the loss of earned credits implicates a liberty interest only if "the State's action will inevitably affect the duration of [the prisoner's] sentence." Conner, 515 U.S. at 487.

Unlike the circumstances in Wilson, the restoration of earned credits to the sentence of an Oklahoma prisoner who previously lost the credits due to misconducts is not mandatory under ODOC's policy OP-060211. Moreover, only those inmates whose sentences would be discharged through the restoration of lost credits will be considered for restoration under the policy. Petitioner does not even qualify under subsection A of ODOC's policy OP-060211 for consideration of restoration of his previously-lost earned credits because such restoration would not result in his immediate discharge from confinement. Therefore, Petitioner has not shown that he has a liberty interest in the restoration of his previously-lost earned credits, and he is not entitled to habeas relief.

Petitioner alternatively argues that the application of ODOC's policy OP-060211 to

him is an *ex post facto* violation. Petitioner contends that a previous version of the policy allowed for the restoration of previously-lost earned credits even for those inmates with a consecutive sentence to be served in the future, but Petitioner has provided no evidence that such a policy existed. Nor has Petitioner shown that, even if such a policy existed, the restoration of previously-lost earned credits was mandatory and not discretionary.

With respect to Petitioner's alternative equal protection claim, Petitioner cannot demonstrate that he is similarly situated to other prisoners who have had previously-lost earned credits restored to their sentence calculations. Petitioner has a consecutive sentence to serve, and he therefore does not qualify under ODOC's policy OP-060211 for consideration for restoration of earned credits. Petitioner has not shown that other inmates with consecutive sentences to serve have had lost credits restored to their sentences under OP-060211(IV)(A).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DENIED. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by  July 20th, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in

objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  29th  day of  June , 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE