# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| CHAD A. COBURN, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | CIV-15-600-R |
|  | ) |  |
| ROBERT PATTON, Director, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## ORDER

Petitioner filed this action pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On June 29, 2015, Judge Purcell issued a Report and Recommendation wherein he recommended the petition be denied on the merits following preliminary review pursuant to Rule 4, Rules Governing Section 2254 Cases. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation, giving rise to the Court's obligation to conduct a *de novo* review of those portions of the Report and Recommendation to which Petitioner has made specific objection. The Court has conducted such review and hereby adopts the Report and Recommendation.

Upon initial screening Judge Purcell concluded Petitioner was not entitled to § 2241 relief because although Oklahoma law permits the warden of a facility to restore lost credits to inmates under certain conditions, Okla. Stat. tit. 57 § 138, Petitioner's allegations, even if accepted as true, do not establish a violation of his federal constitutional rights. Petitioner is

currently serving a sentence for murder in the second degree, and once completed he will be rebilled on a consecutive sentence. In June 2014 he requested restoration of credits he had lost during his twenty-plus years of incarceration, which he contends would have terminated his sentence for murder and permitted him to start serving his unidentified consecutive sentences. Consistent with OP-060211(IV)(A), the request was denied by the facility because Petitioner had a consecutive sentence to be served, and the policy required that restoration result in immediate discharge.

> It is well settled that there is no protected interest when the benefit conferred is within the discretion of the person or entity making the decision. *Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Kentucky Dep't of Corrections*, 490 U.S. 454, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989). A protected liberty interest exists only when the state has placed "substantive limitations on official discretion." *Olim v. Wakinekona*, 461 U.S. 238, 249, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Here, the statute does not mandate any outcome. Instead, under § 138(A) the warden has discretion to determine whether any earned credits will be restored. Therefore, petitioner has failed to demonstrate he is entitled to habeas corpus relief.

*Stone v. Mullins*, 2008 WL 268263, *1 (E.D.Okla. 2008). In this case. Okla. Stat. tit. 57 § 138 at all relevant times has provided the warden with discretion to restore lost credits, restoration has never been mandatory. As such, Petitioner had not protected liberty interest in restoration of the credits.

With regard to Petitioner's *ex post facto* argument, Petitioner asserted that a prior version of Department of Corrections' OP-060211 did not require that a prisoner be eligible for immediate discharge before restoration of revoked credits would be considered. Judge Purcell concluded that Petitioner had not presented evidence of the prior policy. At this stage

2

of the litigation, and on the basis of a *sua sponte* dismissal recommendation, the Court would not anticipate that a petitioner would have presented such evidence. However, Judge Purcell correctly concludes that Petitioner has not shown that even if such policy existed, that restoration was mandatory rather than discretionary. Unless restoration was mandatory, which has never been required by § 138, his *ex post facto* claim fails. *See Caraveo v. Quarterman*, 2009 WL 49996 (N.D. Tex. 2009)(rejecting due process and *ex post facto* claim for refusal to restore good time credits in part because statute vested discretion to restore credits with correctional authorities)(citing *Hallmark v. Johnson*, 118 F.3d 1073, 1079 (5th Cir. 1997)).

Finally, as concluded by Judge Purcell, any contention by Petitioner that denial of restoration violated equal protection fails in the absence of allegations that other persons subject to rebill on consecutive sentences, which is Petitioner's situation, were granted restoration of credits by the facility head.

For the reasons set forth herein, the Report and Recommendation is adopted to the extent it is consistent with the above, and the Petition is hereby DENIED.

IT IS SO ORDERED this 21st day of July, 2015.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE